UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 9117

| | |
|---|---|
| BURTON MORRIS, an Individual ) <br> BURTON MORRIS STUDIOS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFF JAFFE, an Individual and POP ) <br> INTERNATIONAL GALLERIES, INC., ) <br> ) <br> Defendants. ) | CASE NO. <br><br> RECEIVED <br> NOV 14 2014 <br> U.S.D.C. S.D.N.Y. |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Comes now Plaintiff, Burton Morris, an individual ("Morris"), and Burton Morris Studios ("BMS") (Morris and BMS may hereinafter be collectively referred to as ("Plaintiffs"), by counsel, Bonnie L. Mohr, and for his Complaint for Damages against Defendants, Jeff Jaffe, an individual ("Jaffe") and Pop International Galleries ("PIG") (Jaffe and PIG may be hereinafter collectively referred to as ("Defendants"), allege and state as follows:

### Nature of Action

1. This action arises under federal copyright law and a related breach of contract and unjust enrichment claim under New York state statutory and common law contract law.

### The Parties

2. Morris is a world-renowned artist and resident of the State of California who maintains his principal place of business at 1551 16th Street, Unit C, Santa Monica, California 90404.

3. BMS, owned and operated by Morris, is also a California resident and likewise maintains its principal place of business at 1551 16th Street, Unit C, Santa Monica, California 90404.

4. Upon information and belief, Jaffe is a resident of the state of New York and maintains his business in the Southern District of New York at 473 West Broadway, New York, New York 10012.

5. PIG is a New York company which, upon information and belief, specializes in selling art that is influenced by popular culture, and maintains its principal place of business in the Southern District of New York at 473 West Broadway, New York, New York 10012. The foregoing notwithstanding, neither Jaffe nor PIG, upon information and belief, have a registered agent though the registered address for Defendants with the State of New York is 430 East 20th Street, New York, New York 10009.

**Jurisdiction and Venue**

6. This Court has original subject matter jurisdiction in this action pursuant to the copyright laws of the United States, 17 U.S.C. §101 et seq; this Court has subject matter jurisdiction over the claims that pose federal questions of law pursuant to 28 U.S.C. §§1331 and 1338. This Court also has supplemental jurisdiction over Plaintiffs' New York state claims pursuant to 28 U.S.C. 1367(a) because said claims are so related to Plaintiffs' claim for copyright infringement, which is within this Court's original jurisdiction, that the federal claims and the New York state statutory and common law claims are so inextricably linked that they form part of the same case and controversy under Article III of the United States Constitution. Finally, this Court has diversity

jurisdiction because the Plaintiffs and Defendants reside in different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction because each and every one of the Defendants are located in, regularly conduct business in, and / or committed and / or caused to commit the wrongful acts complained of by Plaintiffs herein in the Southern District of New York.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(a) and because each and every one of the Defendants regularly conduct business in the Southern District of New York and / or substantial part of the events giving rise to the claims in this action occurred within this district.

### Factual Allegations

9. On or about March 21, 2002, Plaintiffs contracted with Defendants for the purpose of Defendants displaying and offering Plaintiffs' artwork for sale at Defendants' New York art gallery.

10. Pursuant to an agreement dated March 21, 2002 (hereinafter the "Agreement"), Plaintiffs agreed to provide original artwork to be displayed and sold in Defendants' New York art gallery in return for payment of fifty percent (50%) of the retail price for any artwork that was purchased; the Agreement further provided that Defendants would receive a twenty five percent (25%) discount on the amount owed to Plaintiffs under the Agreement if the amount owed to Plaintiffs pursuant to the Agreement was paid within thirty (30) days.

11. Each of the parties were to be responsible for their own costs under the terms of the Agreement.

12. On or about December 8, 2012, the parties entered into second agreement (the "Subsequent Agreement") that listed specific values for forty-two (42) pieces of art to be sold on behalf of Plaintiffs by Defendants in Defendants' New York art store front; additionally, specific payment terms for each piece of art that was sold by Defendants on behalf of Plaintiffs was provided for in the Subsequent Agreement.

13. As was the case under the terms of the Agreement, the Subsequent Agreement did not allow Defendants the authority to deduct and / or retain any marketing, storage or shipping expenses associated with Defendants sale of Plaintiffs' artwork.

14. Acting under the terms of the Agreement and / or the Subsequent Agreement, Defendants routinely paid Plaintiffs in accordance with the Agreement and / or the Subsequent Agreement and none of the invoices or payments contained any deduction for expenses related to the marketing, storage or shipping of Plaintiffs' artwork to Defendants.

15. On or about July 16, 2013, pursuant to the terms set forth in the Agreement, Morris notified Defendants of his intention to terminate the Agreement and / or the Subsequent Agreement and requested that any and all of Plaintiffs' unsold artwork in the possession of Defendants be returned and that any unpaid monies owed from the sale of Plaintiffs' artwork be promptly paid.

16. As of July 16, 2013, Defendants had sold four pieces of Plaintiffs' artwork and had not yet compensated Plaintiffs in accordance with the terms of the Agreement and / or the Subsequent Agreement and / or the course of dealing that had been established between the parties since March 21, 2002; more specifically, on behalf of

Plaintiffs and pursuant to the terms of the Agreement and / or the Subsequent Agreement, Defendants sold the following artwork:

(i)  *Wonder Women Light Blue* for $19,500,

(ii)  *Coffee Break Blue Coffee Cup* for $2,850,

(iii)  *Coffee Break Yellow Coffee Cup* for $2,850, and

(iv)  *I want You* for $6,500

(the foregoing artwork shall collectively hereinafter be referred to as the "Sold Artwork"). Pursuant to the terms of the Agreement and / or the Subsequent Agreement, Defendants owed Plaintiffs $14,590.

17.  On July 16, 2013, in response to Plaintiffs' demand for payment from the sale of the Sold Artwork, Defendants responded that they would pay any remaining sales proceeds once Defendants were paid in full by the buyers and once again; Defendants did not claim that they were owed any monies for the marketing, storage or shipment of Plaintiffs' artwork.

18.  On November 24, 2013, more than four months after the agreement was terminated, Plaintiffs again made demand that Defendants perform their contractual obligations under the terms of the Agreement and / or Subsequent Agreement and tender the outstanding payment of $14,590.

19.  On December 9, 2013, Defendants responded that they were going to deduct marketing, storage and shipping expenses associated with the display and sale of the Sold Artwork; specifically, Defendants calculated their expenses in this regard at $12,446.42 and, in turn, tendered payment by check to Plaintiffs in the amount of $2,143.58.

20. Defendants' request and, in fact, deduction of costs and expenses was not an agreed term under the Agreement and / or the Subsequent Agreement and, moreover, was wholly inconsistent with the parties prior course of dealing established over the prior in excess of 11 business relationship between the parties.

21. Plaintiffs are the sole owners of the copyrights in and to all of the artwork that was displayed and sold in Defendants' gallery.

22. Plaintiffs have attempted to amicably resolve those matters herein complained of prior to the filing of the complaint in this Case; however, to date, none of the Defendants have taken any measures to cure the copyright infringements and / or the breaches of contract as herein complained of by Plaintiffs.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 22.

24. Plaintiffs are the owners of any and all copyrights in and to the Sold Artwork.

25. The copyrighted elements of the Sold Artwork are wholly original to Plaintiffs and constitute copyrightable subject matter under the federal law.

26. Each and every one of the Defendants, by failing to make payment to Plaintiffs for the Sold Artwork have infringed upon Plaintiffs' exclusive right to the display, sale, and / or distribution of the of the Sold Artwork and the federally protected copyrights associated therewith under the federal copyright law.

27. Further, each and every one of the Defendants failure to pay for the copyright protected Sold Artwork constitutes a willful, intentional and reckless disregard for federal law and the federal copyright protections owned by Plaintiffs in and to the Sold Artwork.

28. Defendants' conduct in this regard has been and is willful and intentional.

29. Plaintiffs have been irreparably harmed, including, but not limited to harmed reputation and economic losses (including lost profits) in an amount as yet undetermined but which amount continues to accumulate and accrue as a direct and proximate result of Defendants' willful and unlawful conduct as herein complained of.

30. Plaintiffs hereby reserve the right, pursuant to 17 U.S.C. §504(c), to elect to recover statutory damages for each infringement, including statutory damages for willful infringement and award of attorney fees as part of costs under 17 U.S.C. §505, and all other available relief.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 30.

32. The parties entered into the Agreement and / or the Subsequent Agreement voluntarily for good and valuable consideration, the receipt of which was acknowledged by the parties.

33. For a period in excess of twelve (12) years, the parties acted under the terms of the Agreement and / or the Subsequent Agreement.

34. Defendants enjoyed and continue to enjoy the benefit of the monies that they received in connection with the sale of the Sold Artwork and have failed to compensate Plaintiffs in accordance with the terms of the Agreement and / or the Subsequent Agreement.

35. Defendants breached the Agreement and / or the Subsequent Agreements by failing to pay Defendants his agreed upon percentage of the retail price of the Sold Artwork and / or by virtue of the display, advertisement, and / or sale of Plaintiffs' artwork without compensation to Plaintiffs.

36. Plaintiffs have placed Defendants on notice of Defendants' breach of the Agreement and / or the Subsequent Agreement.

37. Defendants have failed to cure their breach as herein complained of as of the filing of this Complaint for Damages.

38. As a result of the ongoing and uncured breach of contract by Defendants as herein complained of, Plaintiffs' damages continue to accumulate and accrue in an amount as yet undetermined and Plaintiffs have been irreparably damaged as a proximate and direct result of Defendants' breach of contract.

## COUNT III
## UNJUST ENRICHMENT

39. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 38.

40. At the expense of and detriment to and without the prior express or implied authorization of Plaintiffs, each and every one of the Defendants has been unjustly enriched through its knowing, intentional, willful actions of copyright infringement and breach of contract.

41. Defendants have been and continue to be unjustly enriched by continuing to receive the benefit of the monies received from the Sold Artwork that rightly belongs to Plaintiffs and are depriving Plaintiffs of any value or use of his profits from the Sold Artwork.

42. Each and every one of the Defendants has deprived Plaintiffs of just compensation based upon each and every one of the Defendants failure, despite written demand, to pay Plaintiffs pursuant to the terms of the Agreement and / or the Subsequent Agreement and Plaintiffs will continue to be irreparably harmed in an amount as yet undetermined but which amount continues to accumulate and accrue.

## DEMAND FOR JURY TRIAL

43. Plaintiffs hereby respectfully request that all issues herein raised herein be tried by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BURTON MORRIS (Morris) and BURTON MORRIS STUDIOS (BMS) (collectively "Plaintiffs") by counsel, Bonnie L. Mohr, hereby prays for judgment and relief as against each and every one of the Defendants where said judgment and relief may include, but may not necessarily be limited to, the following:

   a. Judgment in favor of Plaintiffs as against each and every one of the Defendants, jointly and severally, for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiffs, in an amount to be ascertained at trial;

   b. Judgment in favor of Plaintiffs as against each and every one of the Defendants, jointly and severally, in an amount at least equal to the compensation that Defendants would have otherwise been required to make to Plaintiffs for the Sold Artwork;

   c. Judgment in favor of Plaintiffs as against each and every one of the Defendants, jointly and severally, awarding Plaintiffs attorneys' fees, litigation expenses (including fees and costs of expert witness), and other ancillary costs of this action;

     d.     Judgment in favor of Plaintiffs against each and every one of the Defendants, jointly and severally, awarding Plaintiffs declaratory, injunctive, and/ or other equitable relief as may be just and warranted under the circumstances herein; and

     e.     For all other relief, just and appropriate in the premises.

Date: November 14, 2013  
      New York, New York

Law Office of Bonnie L. Mohr, PLLC

By: _____  
Bonnie L. Mohr  
225 West 34th Street, 9th Floor  
New York, New York 10122  
(646) 783-9613 (t)  
(317) 335-3602 (f)  
bonnie@mohresq.com (e-mail)

*Counsel for Plaintiffs Burton Morris,*  
*An Individual and*  
*Burton Morris Studios*